UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| United States of America,<br>        Plaintiff,<br><br>    v.<br><br>Khalid Itum,<br><br>        Defendant. | Case No. 2:23-cr-00082-VAP-1<br><br>**Order GRANTING IN PART Defendant's Motion in Limine to Exclude Evidence Relating to Defendant's Prior Misdemeanor Conviction (Doc. No. 56)** |
|---|---|

    Before the Court is Defendant Khalid Itum's ("Defendant") Motion in Limine to Exclude Evidence Relating to Defendant's Prior Misdemeanor Conviction filed on December 19, 2023. (Doc. No. 56.) After considering all the papers filed in support of, and in opposition to, the Motion,[1] the Court rules as follows.

## I.     BACKGROUND

    The Government filed the Indictment in this case on February 17, 2023. (Doc. No. 1.) The Indictment generally alleges that as an executive at MoviePass, Inc. ("MoviePass"), Defendant defrauded MoviePass's parent company Helios & Matheson Analytics by submitting sham invoices totaling $500,000 for services that were never rendered. (*See id.* ¶¶ 1, 2, 11-14.) It further alleges that Defendant transferred $260,000 of these funds to other

---

[1] Both parties declined to provide any argument regarding the Motion at the hearing held on January 16, 2024.

accounts to repay debts he had accrued from producing an event at the 2017 Coachella Valley Music and Arts Festival.  (*See id.* ¶¶ 9-10, 12, 15-16.)  Defendant accordingly is charged with two counts of wire fraud in violation of 18 U.S.C. § 1343 and two counts of engaging in unlawful monetary transactions over $10,000 in violation of 18 U.S.C. § 1957.  (*Id.* at 1, 5.)

On November 22, 2023, the Government filed its Trial Memorandum in preparation for trial, and trial subsequently was continued to January 30, 2024.  ("Trial Mem.," Doc. No. 51; *see* Doc. No. 55.)  Defendant filed the instant Motion on December 19, 2023 ("Mot.," Doc. No. 56), and the Government responded with its Opposition on December 26, 2023 ("Opp'n," Doc. No. 57).  Defendant filed a Reply on January 2, 2024.  ("Reply," Doc. No. 59.)  The Court held a hearing on January 16, 2024.

## II.  DISCUSSION

Defendant moves the Court to prohibit the Government from offering evidence of Defendant's prior misdemeanor conviction for impeachment purposes.  (*See* Mot. 3, 5.)  Defendant specifically points to an excerpt from the Government's Trial Memorandum stating that "should defendant testify, the government reserves the right to cross-examine him pursuant to Fed. R. Evid. 609(a)(2), (b) regarding his 2010 misdemeanor conviction for second degree theft, in the Superior Court of the District of Columbia."  (Trial Mem. 21; *see* Mot. 5.)  The Government's Opposition separately contends that such evidence should be admissible in the following three circumstances: (1) where Defendant testifies "that he would not (or has never) abused his position at a company to, for example, repay personal debts"; (2) where

2

Defendant "open[s] the door to any testimony about his character for lawfulness or truthfulness"; and (3) where the Government asks Defendant's character witnesses during cross-examination whether they have knowledge of Defendant's past crimes, wrongful acts, and arrests.  (Opp'n 5-6.)

Contrary to the Government's assertion in its Trial Memorandum, Federal Rule of Evidence 609(a) does not afford it the broad right to cross-examine Defendant regarding his prior misdemeanor conviction.  Under Rule 609(a)(2),[2] evidence of a past criminal conviction for purposes of impeaching a witness's character for truthfulness "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."

Here, the Court cannot make such a determination readily.  Defendant pleaded guilty in D.C. Superior Court to second degree theft in violation of D.C. Code § 22-3211.  (*See* Doc. No. 56-1.)  A person commits theft under this provision "if that person wrongfully obtains or uses the property of

---

[2] Rule 609(a)(1) does not apply to Defendant's circumstances.  That provision only regards admission of a "crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year."  *Id.*  Here, Defendant has provided the Sentence of Court issued by the Superior Court of the District of Columbia for his prior conviction, which confirms that Defendant was sentenced to "180 day(s) incarceration." (*See* Doc. No. 56-1; *see also* D.C. Code § 22-3212 ("Any person convicted of theft in the second degree shall be . . . imprisoned for not more than 180 days").)  Defendant's prior conviction, therefore, clearly does not meet the parameters of Rule 609(a)(1).

3

another with intent: (1) [t]o deprive the other of a right to the property or a benefit of the property; or (2) [t]o appropriate the property to his or her own use or to the use of a third person." D.C. Code § 22-3211.  The provision further defines "wrongfully obtains or uses" as meaning "(1) taking or exercising control over property; (2) making an unauthorized use, disposition, or transfer of an interest in or possession of property; or (3) obtaining property by trick, false pretense, false token, tampering, or deception." *Id.* § 22-3211(a).  Though the provision's third definition of "wrongfully obtains or uses" may involve a dishonest act or false statement, the Government has not presented sufficient evidence for the Court to determine that Defendant's guilty plea necessarily relied on this definition or any evidence that would have applied to it.  *See United States v. Foster*, 227 F.3d 1096, 1099-1100 & n.2 (9th Cir. 2000) (reversing a district court's admission of a prior conviction as a crime of dishonesty under Rule 609(a)(2) where "the record d[id] not contain sufficient . . . detail regarding [Defendant]'s crime or the circumstances leading to his conviction"); *United States v. Givens*, 767 F.2d 574, 579 n.1 (9th Cir. 1985).  The Government instead cites a document summarizing an interview of Defendant's 2010 victim (*see* Doc. No. 57-1), but even assuming that this specific evidence was relied upon in Defendant's misdemeanor case, the victim stated only that he let Defendant use his business debit card; that Defendant began making personal purchases using the card; and that Defendant admitted to the personal charges when confronted.  These facts do not reveal that Defendant "obtain[ed] property by trick, false pretense, false token, tampering, or deception" as the D.C. Code would require for Defendant's second degree theft conviction to meet the definition of Rule 609(a)(2).

Instead, they merely demonstrate that Defendant misappropriated funds entrusted to him and later admitted to doing so. Rule 609(a) therefore does not compel the Court to admit Defendant's past conviction for impeachment purposes.

Rule 609(b) further bars the Government from using Defendant's prior conviction to attack his general character for truthfulness should he take the stand. The parties do not dispute that Defendant's second degree theft conviction occurred in 2010 and that he was sentenced to 180 days incarceration. (*See* Doc. No. 56-1.) Rule 609(b) provides that "if more than 10 years have passed since [a] witness's conviction or release from confinement for it . . . . [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[3] The Ninth Circuit has outlined five factors to guide the district court's analysis regarding whether to admit evidence under this rule: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *See Simpson v. Thomas*, 528 F.3d 685, 690 & n.3 (9th Cir. 2008) (citing *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000)).

---

[3] The rule also requires that "the proponent give[] an adverse party reasonable written notice of the intent to use [the prior conviction] so that the party has a fair opportunity to contest its use." *See* Fed. R. Evid. 609(b)(2). This clearly has occurred in this matter via the Government's Trial Memorandum, as evidenced by Defendant filing the instant Motion.

Here, the factors weigh against admitting evidence of Defendant's prior conviction to impeach his character for truthfulness were he to testify. The impeachment value of Defendant's second degree theft conviction is relatively low since "[g]enerally, . . . theft crimes . . . do not involve 'dishonesty or false statement' within the meaning of rule 609 . . . ." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) (citation omitted); *see, e.g., United States v. Jerra,* No. 06-50081, 2007 WL 580099, at *2 (9th Cir. Feb. 16, 2007) ("[Defendant]'s [theft] conviction has little probative value because it . . . is not particularly strong evidence of his lack of trustworthiness or credibility.") The misdemeanor conviction is over thirteen years old, and the Government has not presented any evidence of the Defendant's subsequent history that would weigh toward admission. *See United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985) ("The prosecution bears the burden of establishing that the probative value of admitting a prior conviction outweighs its prejudicial effect."). The similarity of the conviction and the crimes charged in this case further militates against admission since both involve misappropriation of employer funds for personal use. *See id.* at 488. Even if the remaining two factors weighed in favor of admission, the first three factors demonstrate that the Government cannot meet its burden of showing that the probative value of Defendant's prior conviction substantially outweighs its prejudicial effect under Rule 609(b). The Court accordingly finds that Defendant's prior conviction for second degree theft is not admissible for purposes of impeaching Defendant on the stand as to his general character for truthfulness.

That is not to say that Defendant's prior conviction is inadmissible in all circumstances at trial.  Indeed, "[t]he limitations of Rule 609 are not applicable if a conviction is admitted for a purpose other than to prove the witness's character for untruthfulness."  Fed. R. Evid. 609 advisory committee's note to 2006 amendment.  As the Government notes, Defendant or his witnesses may present testimony at trial contradicting Defendant's prior conviction or its underlying circumstances in a manner that would open the door to the Government rebutting specific statements with the details of his conviction.  In such circumstances, "[e]xtrinsic evidence, . . . includ[ing] [Defendant's] prior conviction[], is admissible under the general standards of Rules 402 and 403 to contradict specific testimony, as long as the evidence is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice." *United States v. Lopez*, 979 F.2d 1024, 1034 (5th Cir. 1992); *see United States v. Beltran-Rios*, 878 F.2d 1208, 1212-13 (9th Cir. 1989); *United States v. Castillo*, 181 F.3d 1129, 1131-34 (9th Cir. 1999); *United States v. Gilmore*, 553 F.3d 266, 271-72 (3d Cir. 2009).

Similarly, the defense may present testimony regarding Defendant's pertinent character traits, such as his lawfulness, to which the Government may respond on cross-examination by inquiring into relevant specific instances of Defendant's conduct, which may include his prior conviction and its attendant circumstances.  See Fed. R. Evid. 404(a)(2)(A), 405(a); *see also, e.g.*, *Doe v. Ayers*, 782 F.3d 425, 434 (9th Cir. 2015) (citing Fed. R. Evid. 405(a)) ("Impeachment of character witnesses with questions about prior bad acts of the defendant, even if unproven, is common practice.");

7

*United States v. Mendoza-Prado*, 314 F.3d 1099, 1103, 1105 (9th Cir. 2002); *United States v. Nace*, 561 F.2d 763, 772 (9th Cir. 1977). The Court, however, notes its analysis above that the Government has not provided sufficient evidence to determine that Defendant's prior conviction constitutes a crime of dishonesty, which suggests the prior conviction's likely low probative value in response to presentations regarding Defendant's general character for truthfulness. The Court will reserve ruling on the ultimate admissibility of Defendant's prior conviction in the Government's proffered circumstances until trial, when it may better assess the relevance, probative value, and potential prejudice of such evidence under Rules 401, 403, and other applicable rules of evidence.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to the extent it seeks to exclude the use of his prior conviction to impeach his general character for truthfulness in the event Defendant takes the stand. It otherwise reserves further rulings on the admissibility of Defendant's prior conviction for trial.

**IT IS SO ORDERED.**

Dated: 1/18/24

Virginia A. Phillips
Senior United States District Judge