BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
DAVID PI (Cal. Bar No. 337432)
Assistant United States Attorney
Major Frauds Section
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3659/0813
    Facsimile: (213) 894-6269
    E-mail:   david.pi@usdoj.gov
              daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-82-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING |
| v. | |
| KHALID ITUM,<br>  aka "Khalid Sharer Taher Itum," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys David Y. Pi and Daniel H. Weiner, hereby files its opposition to defendant Khalid Itum's ex parte application to continue his sentencing (Dkt. 162.)

//

//

//

This filing is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 10, 2026         Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

          /s/
DAVID Y. PI
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

A jury convicted defendant Khalid Itum of wire fraud in February 2024.  (Dkt. 87.)  Two years later, he has yet to be sentenced. Although the government previously agreed to multiple continuances so defendant could collect and review discovery from another federal case --- none of which diminishes defendant's culpability here --- the government now objects to defendant's last-minute attempt to avoid the consequences of his conviction.

Defendant's sole basis for a continuance (his mother's in-person attendance) does not constitute good cause to move the hearing, and would be an undue delay in imposing sentence, see Fed. Rule Crim. P. 32(b)(1).  *First*, defendant has not shown diligence in his request. Sentencing is currently set for February 20.  According to defense counsel's declaration, defendant's uncle passed away in Jordan on January 28, and his mother must therefore remain in Jordan until March 9.  It appears, however, that defendant's mother had no concrete plans (i.e., an international plane ticket) to travel to the United States for the February 20 hearing prior to January 28. Indeed, her ticket was purchased only after the family member's death.  In other words, it is not clear from the record that defendant's mother had planned on attending his sentencing in person but for providing last-minute justification to continue the hearing date.  *Second*, there is little prejudice to defendant should the Court deny his request, as the government has no objection to the family's virtual attendance at sentencing.  And *third*, more than two years after the jury's verdict, the victims, the public, and the government have a strong interest in the efficient administration of justice, and achieving closure in this case.  See Zedner v. United

1  States, 547 U.S. 489, 501 (2006) (noting "public interest" in
2  "preventing extended [] delay[s]" that "impair[] the deterrent effect
3  of punishment").  Accordingly, the government respectfully requests
4  the Court deny the request and sentence defendant on February 20.